FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

NINGBO WENTAI SPORTS EQUIPMENT CO., LTD.,

    Plaintiff,

v.

THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,

    Defendants.

Civil Action No. ~~1:25-CV-~~ 2:25cv 417

## VERIFIED COMPLAINT

Plaintiff Ningbo Wentai Sports Equipment Co., Ltd., ("Ningbo" or "Plaintiff"), by its undersigned counsel, alleges as follows for its Complaint against Defendants in Schedule "A" ("Defendants.")

### THE NATURE OF THIS ACTION

1. Plaintiff brings this action against Defendants in Schedule A pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 8,191,920 B2 ("the '920 Patent") titled "Single Action Collapsing/Expanding Three-Wheeled Golf Cart" and U.S. Patent No. 8,439,390 B2 ("the '390 Patent") titled "Three Wheeled Collapsible Golf Cart." The '920 Patent and the '390 Patent protect a three-wheeled golf caddy that is meant to hold golf clubs and be pulled by a golfer. The cart has a collapsible mechanism to fold it down for storage and transport. A true and correct copy of the '920 Patent is attached as Exhibit A, and a true and correct copy of the '390 Patent is attached as Exhibit B.

### THE PARTIES

1

FILED UNDER SEAL

Plaintiff is a Chinese limited liability company doing business in Ningbo City, China and maintains a principal place of business at No. 605, Changbaishan Road, Xinqi Industrial Development Zone, Beilun District in Ningbo City.

2. Plaintiff is the sole assignee of the '920 Patent and the '390 Patent with the right to enforce their claims.

3. Defendants identified in Schedule "A" are all believed to be individuals, companies, and/or unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. Defendants sell Accused Products on the Amazon.com Internet retail platform. Since Amazon.com does not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

4. Defendants conduct their operations through fully interactive commercial websites hosted on Amazon.com storefront webpages ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the '920 Patent and the '390 Patent to consumers within the United States, including the State of Virginia and Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district.

5. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally

FILED UNDER SEAL

or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

7. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

8. Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

9. This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2)

(k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants in any judicial district in any state to which it is subject to personal jurisdiction.

FILED UNDER SEAL

11. This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com e-commerce platform.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff is primarily a developer and manufacturer of hand-push and a pull golf carts, golf bags, golf clubs, and golf accessories. Plaintiff saw in the marketplace in 2008 that the folding and unfolding process for a push-type golf cart was overly complex causing significant inconvenience to users. After significant research and development, Plaintiff created the patented one-touch collapsible golf cart, where a single button can action the folding and unfolding process. Thus, Plaintiff independently developed a new cart with an optimized folding structure based on customer needs and market trend analysis. With the innovation goal of "fundamentally resolving user pain points in folding operations," the Plaintiff filed a Chinese patent application immediately after completing the preliminary design. During development, intensive prototyping and testing enabled independent technological iteration. The project advanced to the mold development stage

FILED UNDER SEAL

and achieved successful mass production. Due to the significant innovation and market value of this one-touch folding structure, the product garnered widespread international purchase interest upon release. Invoking the priority right under the Paris Convention, the Plaintiff filed a U.S. patent application that became the '920 Patent and '390 Patent based on the Chinese patent, completing the international IP protection framework.

13.  Plaintiff manufactures and sells collapsible golf carts under the Patents-in-Suit. The following is an example of one of Plaintiff's products for sale from its website:



FILED UNDER SEAL



14. In the past year, Plaintiff has instituted a campaign to police knock-off and infringing products. As its products enter the U.S. market, Plaintiff has expanded its intellectual property enforcement efforts against infringing products by filing and obtaining U.S. patents to protect its products in this domestic market.

15. Specifically related to this action, Plaintiff applied for the '920 Patent and the '390 Patent in the U.S. for which embodiments protect a collapsible golf cart. Plaintiff also directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), collapsible golf carts that are commercial embodiments made under the '920 and the '390 Patents. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any party in the marketplace or named in this action to import, offer to sell, or sell products made according to the claims of the '920 and the '390 Patents.

16. Plaintiff maintains quality control standards for all of its products sold under the '920 and the '390 Patents. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers

FILED UNDER SEAL

through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's Products via legitimate webstores represented a significant portion of Plaintiff's business.

17. Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet Webstores. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

## THE PATENTS

18. On June 5, 2012, United States Patent No. 8,191,920, entitled "Single Action Collapsing/Expanding Three-Wheeled Golf Cart" was duly and legally issued by the USPTO. The '920 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '920 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '920 Patent. Defendants are not licensed to the '920 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '920 Patent whatsoever. A true and correct copy of the '920 Patent is attached hereto as Exhibit A.

19. On May 14, 2013, United States Patent No. 8,439,390 entitled "Three-Wheeled Collapsible Golf Cart" was duly and legally issued by the USPTO. The '390 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '390 Patent by assignment and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '390 Patent. Defendants are not licensed to the '390 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '390 Patent whatsoever. A true and correct copy of the

FILED UNDER SEAL

'390 Patent is attached hereto as Exhibit B.

20.  The '920 Patent and the '390 Patent are presumed valid under 35 U.S.C. § 282.

21.  The claims of the '920 Patent are directed to a collapsible golf cart. The '920 Patent contains six claims directed to the device, where claim 1 is the sole independent claim. Claim 1 of the '920 Patent recites:

> 1. A collapsible golf cart comprising:
> A handle assembly;
> An upper assembly further comprising a tube structure, a back push rod, a sliding joint with a pair of extending side struts to support two rear wheels;
> A lower assembly connected to said tube structure of upper assembly by a lower joint, further having a lower front joint connected to said sliding joint by a linkage frame and a lower back joint connected to said handle assembly by a back push rod; and,
> A Y-arm extending out from a front end bar of said lower assembly to support a front wheel.

22.  Figure 5F, copied below, of the '920 Patent illustrates an embodiment of a collapsible golf cart.



Figure 9F, copied below, of the '920 Patent illustrates an embodiment of a collapsible golf cart in a folded state.

8

FILED UNDER SEAL



23. The claims of the '390 Patent are directed to a collapsible golf cart. The '390 Patent contains four claims directed to the device, where claim 1 is the sole independent claim. Claim 1 of the '390 Patent recites:

> 1. A collapsible golf cart comprising:
> A handle assembly;
> An upper frame assembly;
> A pair of rear wheels pivotably attached to a pair of struts linked to said upper frame assembly;
> A pair of link rods having one end pivotably connecting to a lower end of said upper frame assembly and another end pivotably connecting to said struts;
> A lower frame assembly containing a front wheel, said lower frame pivotably connected to said upper frame assembly by a lower joint that has limited travel on the lower portion of said upper frame assembly; and,
> A collapsing mechanism consisting of a sliding joint moveably attached to said upper frame with said pair of struts extending out to support said two rear wheels, said sliding joint having a primary strut connecting to said lower frame, so that when the golf cart is collapsing, the primary strut moves the sliding joint upward along the length of said upper frame assembly resulting in the lower frame assembly being folded up and the pair of rear wheels of said struts folded down, resulting in weight distribution of the wheels in a non-concentrated fashion.

**INFRINGEMENT**

24. Defendants manufacture, import, offer to sell, and sell various foldable golf bag

FILED UNDER SEAL

carts that are manufactured according to the claims of the '920 Patent and the '390 Patent. These devices are sold on the Amazon.com platform using Infringing Webstores.

25.  Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '920 Patent and the '390 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

26.  Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the '920 Patent and the '390 Patent. The Accused Products all use basically the same handle assembly, upper frame assembly, pair of rear wheels, and a collapsing mechanism.

27.  Figure 8B of the '920 Patent illustrates an embodiment of a collapsing mechanism for a golf cart.



**FIGURE 8B**

FILED UNDER SEAL

28.     Exhibit C includes a list of Defendants and Accused Products that infringe the '920 and the '390 Patents as well as exemplary claim charts and examples that demonstrate the correspondence of the Accused Products with elements of claim 1 of the '920 Patent and the '390 Patent. The charts are submitted as examples of each of the three types of functional designs of Defendants that all include similar claimed components, and Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

29.     Defendants and their customers have continued infringement.

30.     Defendants have infringed, and continue to infringe, at least claims 1 - 6 of the '920 Patent and claims 1-4 of the '390 Patent directly or under the doctrine of equivalents under 35 U.S.C. § 271(a) and/or (b), by (a) making, using, offering to sell, selling and/or importing into the United States, golf carts that infringe the asserted claims in the United States. Defendants continue to manufacture, use, offer to sell, sell and import Accused Products. The Accused Products are also being used to infringe. Defendants continue to sell Accused Products inducing infringement by others and also continue to perform infringing activity by using the claimed devices in the United States.

31.     Upon information and belief, Defendants have directly infringed one or more of claims of the '920 Patent and the '390 Patent under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States. Defendants continue to infringe claims of the '920 Patent and the '390 Patent.

11

FILED UNDER SEAL

32. Defendants do not have a license or authority to import, make, use, or sell goods under the '920 Patent or the '390 Patent.

33. Plaintiff has marked its products with notices of the '920 Patent and the '390 Patent. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

34. As a result of Defendants' infringement of the '920 Patent and the '390 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

35. Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '920 Patent and the '390 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com.

36. Defendants have been willfully infringing the '920 Patent and the '390 Patent since at least as early as they became aware of the '920 Patent and the '390 Patent. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

37. Many sellers on Amazon.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platform using the identities listed in Schedule A to the Complaint, as well as other

unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled.

38. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '920 Patent and the '390 Patent unless preliminarily and permanently enjoined.

39. Plaintiff has no adequate remedy at law.

## COUNT ONE
## INFRINGEMENT OF UNITED STATES Patent No. 9,191,920
## (35 U.S.C. § 271)

40. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

41. Defendants have infringed, and continue to directly infringe or by the doctrine of equivalents, at least claims 1-6 of the '920 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

42. As a result of Defendants' infringement of the '920 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

43. Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '920 Patent unless preliminarily and permanently enjoined.

44. The Defendants have infringed the '920 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused

FILED UNDER SEAL

Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## COUNT TWO
## INFRINGEMENT OF UNITED STATES Patent No. 8,439,390
## (35 U.S.C. § 271)

45. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

46. Defendants have infringed, and continue to directly infringe or by the doctrine of equivalents, at least claims 1-6 of the '390 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

47. As a result of Defendants' infringement of the '390 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

48. Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '390 Patent unless preliminarily and permanently enjoined.

49. The Defendants have infringed the '390 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

FILED UNDER SEAL

## PRAYER FOR RELIEF

For a judgment declaring that Defendants have infringed the '920 Patent and the '390 Patent;

For a judgment declaring that Defendants' infringement of the '920 Patent and the '390 Patent has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '920 Patent and the '390 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates,

and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claims of the '920 Patent and the '390 Patent in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise

FILED UNDER SEAL

moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Accused Products infringing the '920 Patent and the '390 Patent;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

FILED UNDER SEAL

Date: June 27, 2025

Respectfully submitted,

/s/ Kendal Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO CASTELLANO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by:

*Zhang Sheng*

Ningbo Wentai Sports Equipment Co., Ltd.,